**BIG ELK AMBULANCE EMS, INC., an Oklahoma corporation, Appellant,**

v.

**STATE of Oklahoma, ex rel. Oklahoma State DEPARTMENT OF HEALTH, Appellee.**

No. 84667.

Court of Appeals of Oklahoma, Division No. 1.

June 28, 1996.

Thomas G. Ferguson, Jr., Walker, Ferguson & Ferguson, Oklahoma City, for Appellant.

James H. Paddleford, Department of Health, Oklahoma City, for Appellee.

### MEMORANDUM OPINION

JOPLIN, Judge:

Big Elk Ambulance EMS, Inc., an Oklahoma corporation (Big Elk), seeks review of the trial court's order affirming the order of the Oklahoma Department of Health by the Commissioner of Health (collectively, ODH) denying Big Elk's application to renew its license to provide ambulance and medical service. In this appeal, Big Elk asserts (1) ODH exceeded its legal authority in refusing to renew its license, and (2) insufficiency of the evidence to support the non-renewal decision. Inasmuch as we find the order of ODH free of legal error and supported by the evidence, however, we affirm the trial court's order.

ODH licensed Big Elk to provide advanced life support and ambulance services under the provisions of the Oklahoma Emergency Medical Services Act, 63 O.S.1991 § 1–2501 et seq. (the Act). As required by law, Big Elk periodically applied for renewal of its license. In 1993, however, ODH commenced administrative proceedings against Big Elk, and notified Big Elk of its intent not to renew Big Elk's license.

After hearing before an administrative law judge (ALJ), the ALJ entered findings of fact and conclusions of law, recommending that Big Elk's license not be renewed. In particular, the ALJ found that Big Elk and/or one its employees had been the subject of prior administrative proceedings, that Big Elk's license to provide advanced life support services had been down-graded to permit Big Elk to provide basic services only, but that Big Elk had nevertheless thereafter continued to provide advanced life support services. The ALJ further found that Big Elk had allowed its liability insurance to lapse on two occasions, also in violation of the Act.

The Commissioner of Health adopted the ALJ's findings of fact and conclusions of law, and denied renewal of Big Elk's license. On petition for review to the trial court, the trial court affirmed the ODH order, and denied Big Elk's motion to reconsider. Big Elk now seeks review in this court.

The Act recognizes a critical shortage of professionally trained medical personnel for emergency medical care, and the need for improved emergency service required to reduce mortality rates during the first critical minutes following the onset of an emergency. 63 O.S. § 1–2502. To promote this end, ODH, through the State Board of Health, is charged by statutory mandate to supervise the licensure of "emergency medical care providers and ambulance services pursuant to rules, regulations and standards promulgated by the State Board" at levels beginning with basic life support through specialized or advanced care. 63 O.S. §§ 1–2503(13), (20). The Act requires that "licensed and certified emergency medical personnel shall perform medical procedures under the direction of a medical director or in accordance with written protocols . . . authorized by the medical director" of the ambulance service, and the medical director, by definition, is charged to monitor and direct the provision of emergency services. 63 O.S. §§ 1–2503(15), 1–2506. The written protocols must provide for both on-line and off-line patient care, and must be submitted to ODH for approval. 63 O.S. §§ 1–2503(14), 1–2506; Rule 310:641–3–50.

■ In this appeal, Big Elk argues § 1–2506 allows a service such as it to operate *either* under the direction and advice of a medical director *or* under medical protocol. We disagree. Reading the Act in its entirety, and in keeping with the legislative intent of the Act, we hold 63 O.S. § 1–2506 requires any licensed emergency medical personnel and/or ambulance service to perform medical procedures under the direction and supervision of a medical director or, if the medical director is *temporarily* unavailable, pursuant to the medical director's approved protocol, and we discern nothing in the Act permitting an ambulance service to contract with a physician for the sole purpose of establishing protocols, and to thereafter provide ambulance service without the "medical controls" and "medical director" which the Act requires as a condition precedent to operation of an emergency service system. Rather, we find the legislative intent of the Act, with its stated legislative deference to ODH rules and regulations promulgated pursuant to the Act, requires ambulance services to retain a medical director both to establish protocols for rendition of patient care and to monitor and supervise the rendition of such care.

■ In the present case, it is uncontroverted that Big Elk's medical director resigned and Big Elk failed to replace him for well over one year. Upon receiving the medical director's resignation notice and Big Elk's failure to replace the medical director, ODH and Big Elk entered an agreed order allowing Big Elk to continue operation at a reduced level of service. Nevertheless, Big Elk did not replace its medical director for over one year, and ODH—in keeping with the Act's mandate as we have construed it—refused to renew Big Elk's license. We consequently conclude ODH acted within the scope of its authority, and reject Big Elk's first proposition.

Big Elk further complains ODH erred in refusing to renew its license for Big Elk's alleged failure to maintain liability insurance. We first note ODH alleged a history of non-compliance with its rules and regulations by Big Elk, including allowing its mandatory insurance to lapse, billing falsification, falsification of emergency run reports, and provid-

ing advanced medical procedures in contravention of ODH's order down-grading Big Elk's license, and Big Elk admits its liability insurance lapsed on two occasions. However, because we find no error in the trial court's order based on Big Elk's failure to obtain and maintain a medical director, we deem it unnecessary to address these additional issues.

We consequently find the ODH order free of legal error and not clearly erroneous on the facts. 75 O.S.1991 § 322. The order of the trial court affirming the order of ODH refusing to renew Big Elk's license is therefore AFFIRMED.

JONES, P.J., and GARRETT, J., concur.